THURLOW CO. (INC.) *v.* UNITED STATES (No. 2349).[1]

1. CONSTRUCTION, PARAGRAPH 499, TARIFF ACT OF 1913, "SUBSTANCES USED ONLY FOR MANURE."

The provision of paragraph 499, tariff act of 1913, admitting free of duty "all substances used only for manure" does not mean that, to come within the provision, an importation must belong to a *class all* of which is used for no other purpose. It is sufficient if the particular importation is fit and used for no other purpose, notwithstanding that other lots of the same substance may be fit and used for other purposes.

2. TANKAGE—SLAUGHTERHOUSE REFUSE—MANURE.

Tankage, or slaughterhouse refuse, the residue, after removing the grease, from scraps, hoofs, horns, and other parts of slaughtered animals unfit for human consumption, shown to be fit and used for no other purpose than fertilizer, is entitled to free entry as a substance "used only for manure" under paragraph 499, tariff act of 1913, notwithstanding that other shipments of the same commodity may be fit and used for other purposes. It was erroneously classified as a nonenumerated manufactured article under paragraph 385.

United States Court of Customs Appeals, June 9, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46500.

[Reversed.]

*Frank L. Lawrence* (*Martin T. Baldwin* and *Richard Neville* of counsel) for appellant.

*William W. Hoppin;* Assistant Attorney General (*John A. Kemp*, special attorney, of counsel), for the United States.

---

[1] T. D. 40271.

[Oral argument May 6, 1924, by Mr. Hoppin.] ·

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,. Associate Judges.

BLAND, Judge, delivered the opinion of the court:

Duty was assessed at the rate of 15 per cent ad valorem under the general provision in paragraph 385 of the tariff act of 1913 for non-enumerated manufactured articles, against a shipment covering 100 tons of tankage or refuse material from South American slaughter-houses. The importer protested, claiming the merchandise to be free of duty under paragraph 499 for "manures, and all substances used only for manure."

The two paragraphs of the tariff act of 1913 under consideration read as follows:

385. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

499. (Free list.)   Guano, manures, and all substances used only for manure, including basic slag, ground or unground, and calcium cyanamid or lime nitrogen.

The tankage under consideration is made up of refuse materials, scraps, hoofs, horns, and other parts of slaughtered animals, not suitable for human consumption. It is boiled in a tank and the grease is taken off. The residue is an article of commerce, and we think the evidence fairly shows that the whole of this shipment was suitable only for manure. The Board of General Appraisers who heard the testimony stated in their decision that there is little doubt that the merchandise which was before them was used entirely for fertilizer, but the Board of General Appraisers held that the importation could not be classified as free of duty as a substance used only for manure for the reason that it belonged to a class of merchandise which was not used solely for fertilizer purposes.

The appraiser and collector had designated it as a nonenumerated manufactured article, and the importer made no claim that it should be classified as waste. The decisions of the Board of General Appraisers and of this court on this class of material would seem to clearly warrant its classification as waste if not classified as a substance used only for manure, but since no claim in the protest for a waste classification has been made by the importer, that question is not before us, and it remains for us to determine whether it is a non-enumerated manufactured article or whether it should be classified as a substance used only for manure, or as an unenumerated unmanufactured article under section 385.

In this case the Board of General Appraisers followed their decision in T. D. 31800 (G. A. 7257) in holding that regardless of the fact

that the importation was used for no other purpose than fertilizer, it could not come under the free paragraph 499 because it did not belong to the general class of commodities, "guano and manures," referred to in that paragraph. Later holdings of the board and this court do not sustain this view of the law. The Board of General Appraisers in Abstracts 45378 and 45982 and T. D. 39928 (G. A. 8719) have not followed this line of reasoning, but have adopted the policy and practice of classifying under the free list fertilizer schedule, tankage which was unsuitable for feeding purposes.

The section is not ambiguous, but is in plain and simple language susceptible of but one interpretation. It admits free of duty all substances used only for manure. It is admitted that the commodity in question is used only for manure.

In this connection it might be well to call attention to some of the rulings of this court on the question of tankage. The recent case of Willits & Co. *v.* United States (11 Ct. Cust. Appls. 499; T. D. 39657) holds that tankage produced similar to the product under consideration was waste. A classification as fertilizer was not asked for since the proof showed that the commodity was not used for fertilizer only but was sometimes used for chicken feed.

In the case of Darling & Co. *v.* United States (12 Ct. Cust. Appls. 86; T. D. 40023) the court held (following the Willits case, supra) that a similar article was waste. The merchandise in its imported condition contained ingredients which were used for fertilizer, and others which were used for hog feed. After importation they were screened and sold for the two different uses. The collector had assessed them as a nonenumerated manufactured article; the importer claimed them free as a substance used only for manure, and also claimed alternatively that they fell under the provision for waste not specifically provided for in paragraph 384.

In the case of Gallagher & Ascher *v.* United States (T. D. 39677; G. A. 8661), the merchandise was similar to that in the Willits case, supra, and in the imported condition was used neither for feed nor for fertilizer, but after importation it was screened and a portion of it used for fertilizer and another portion of it used for feed.

This line of cases all concern merchandise different from the importation which is the subject of this appeal. Here the whole importation in the condition imported was used only for manure, and in the absence of a provision for tankage, or evidence showing that a portion of it was used for other purposes, we think it clearly falls within paragraph 499. The exact question involved in this case, arising from the same class of material, has never before been passed upon by this court.

In Abstract decision 45982, supra, the merchandise upon analysis showed a content of 9.5 per cent ammonia, and 25 per cent of bone

phosphate of lime. This rendered it fit only for fertilizer, and the board gave it free classification under paragraph 499. It is true that the chemical analysis of the importation is not in the record in this case, and had the board refused to classify it under section 499 for that reason, we would be loath to disturb their finding, but the case was not tried out nor decided on that question. The board in their decision, we think, concede that the commodity was used only for fertilizer or manure, and we are asked to sustain this classifica-. tion, not because there was any question about the use of the commodity, but because of the fact that the commodity belonged to a general class of merchandise, tankage, all of which general class was not used for manure only. What evidence there is would fairly support the finding that the commodity was fit only for manure and could not be used for feed. The testimony of competent witnesses familiar with the subject is to the effect that not only was there a disagreeable odor which would prevent it from being used as animal food, but that it contained glue and horn and hoof material which could not be dissolved and would therefore be injurious to animals. The witnesses testify positively that it was fit only for fertilizer, and that it was used solely for that purpose.

The alternative claim of the importer that this commodity should be classified as an unenumerated unmanufactured article is in our judgment without merit, since it is clear that it is the result of a manufacturing effort and is not a raw or unmanufactured product.

The judgment of the Board of General Appraisers is *reversed*.